IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CATHY LAMAR WILLIAMS,**

    **Plaintiff,**

vs.                                     Case No. 4:12cv236-WS/CAS

**COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on May 7, 2012. Doc. 1. An Order was entered seeking clarification from Plaintiff because her civil cover sheet indicated Plaintiff sought review of an administrative agency decision, doc. 2, but Plaintiff listed her address as a post office box in Smithfield, North Carolina. Doc. 5. The Order stated that it was "unclear why Plaintiff ha[d] filed this case in the Northern District of Florida as there [was] no apparent connection with Florida . . . ." Doc 5 at 1. Plaintiff's initial response to that Order indicated even more that this case should probably be transferred to North Carolina because Plaintiff's disability hearing was held in Raleigh, North Carolina. Doc. 6 at 12. Notice of the Administrative Law Judge's unfavorable decision was also mailed to Plaintiff at the Smithfield, North

Carolina address on March 2, 2011.  *Id.* at 8.  The Notice of Appeals Council Action was mailed to Plaintiff on February 24, 2012, also to the Smithfield address.  *Id.* at 2.

In June 2012, Plaintiff filed an amended complaint[1] and again provided a mailing address in Smithfield, North Carolina.  Doc. 8.  Plaintiff simultaneously filed a motion in which she stated she has been "deemed to be Homeless" and she listed her address as "from 480 West Tennessee St. [in] Tallahassee."  Doc. 9.  That Tallahassee address is the location of the Tallahassee-Leon County Shelter.

Although Plaintiff indicated she may be residing at the Shelter, or at least was from Tallahassee, Plaintiff has been residing in Smithfield and receiving her mail there for at least the past 18 months.  Because the only mailing address the Court had for Plaintiff was in Smithfield, a fact contradictory to Plaintiff's statement that she resides at the Tallahassee Shelter, Plaintiff was again required to respond and clarify her residence.  Doc. 10.  If Plaintiff acknowledged that she was currently living in North Carolina, Plaintiff was directed to explain how long she had been living there and state whether or not she intended to remain there for at least the foreseeable future.  *Id.*

Plaintiff filed a response, doc. 13, indicating that she was still in North Carolina due to medical reasons.  She did, however, state her intention to return to Florida.  *Id.*  Subsequently, Plaintiff has submitted additional documents in which she states that it is her intention, "if the decision is overturned" to return to Tallahassee and obtain proper living arrangements.  Doc. 16 at 2.  She advised, however, that she is currently in North Carolina and her living situation had not changed.

---

[1] The amended complaint was legally insufficient because it did no more than set out procedural information and says nothing at all about why the Administrative Law Judge erred in not awarding her benefits.

Case No. 4:12cv236-WS/CAS

Enough time has been spent verifying Plaintiff's residence. It is apparent, as acknowledged by Plaintiff, that she currently resides in Smithfield, North Carolina. Doc. 16. Plaintiff presents no reason to believe that she will resume a residence in Tallahassee in the foreseeable future. Plaintiff's statement in the most recent document, doc. 16, suggests that she would not return to Florida until after this case is resolved. Therefore, this case should proceed in North Carolina.

Jurisdiction is provided for in § 405(g):

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."

42 U.S.C. § 405(g). Plaintiff now resides in Smithfield, North Carolina, which is in Johnston County. Accordingly, this case should be transferred to the United States District Court for the Eastern District of North Carolina for all further proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina for all further proceedings pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1404(a).

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2012.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:12cv236-WS/CAS