IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-788-BO

| | |
|---|---|
| CATHY L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Commissioner's motion for judgment on the pleadings [DE 51] and plaintiff's motion for reverse of judgment or modification of decision [DE 41]. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

## BACKGROUND

In November 2008, the plaintiff filed applications for benefits. The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on February 10, 2011. The ALJ issued a decision finding that the plaintiff was not disabled on March 2, 2011. The Appeals Council denied review on February 24, 2012 rendering the ALJ's opinion the final decision of the commissioner. The pro se plaintiff commenced a civil action on May 7, 2012 in the Northern District of Florida that was later transferred to this Court.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determing whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff complains that her condition is deteriorating and she should now be eligible for benefits. However, the Commissioner's decision was based on substantial evidence and correct legal standards were used. Plaintiff offers no medical evidence to support her claim that her condition has worsened. The medical records the ALJ reviewed do not support the view that she is disabled. Dr. Loeb stated that she had a "0% impairment" and could return to full work. Mod. Tr. 229. Dr. Le observed that she had normal strength and no motor or sensory deficits and had no impairment affecting the ability to do normal daily tasks. Mod. Tr. 362. Dr. Clayton completed an RFC assessment and stated that plaintiff could do medium-level work. Mod. Tr. 370. Plaintiff's subjective complaints alone cannot provide a basis for a finding of disability. *See* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of

2

Social Security may require. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques . . . ."); 20 C.F.R. § 404.1508 ("Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . [a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and not only by an individual's statement of symptoms.") The ALJ also properly relied on the testimony of the vocational expert who said the plaintiff could do her past work as a cosmetologist. Mod. Tr. 30, 51.

The ALJ carefully considered all of the evidence in the record in making the determination that plaintiff is not disabled. The ALJ's findings are supported by substantial evidence, and, as such, it is proper to affirm the ALJ's determination that the claimant is not disabled and not entitled to benefits.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Administrative Law Judge is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the 29 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3